**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Clark,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-18-02665-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Jerry Clark's Application for Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 13, "Pl.'s Br."), Defendant Social Security Administration Commissioner's Opposition (Doc. 14, "Def.'s Br."), and Plaintiff's Reply (Doc. 15, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 10, R.) and now reverses the Administrative Law Judge's decision (R. at 2176–92) as upheld by the Appeals Council (R. at 2166–69).

**I.    BACKGROUND**

Plaintiff first filed an application for Social Security Disability Benefits on March 25, 2004. (R. at 2282–83.) An Administrative Law Judge ("ALJ") denied that claim on February 15, 2006. (R. at 2283.)

Plaintiff, again, filed an application for Disability Insurance Benefits on June 4, 2011 for a period of disability beginning November 1, 2008. (R. at 27.) Plaintiff's claim

was denied initially on November 25, 2011 (R. at 27), and on reconsideration on March 19, 2012 (R. at 27). Plaintiff then testified at a hearing held before an ALJ on October 29, 2012. (R. at 27.) On January 24, 2013, after the ALJ determined that the presumption of continuing nondisability did not apply (R. at 27), she denied Plaintiff's Application (R. at 40). On May 29, 2014, the Appeals Council denied a request for review of the ALJ's decision. (R. at 4–6.) On July 25, 2014, Plaintiff filed a complaint for judicial review. (R. at 2284.) On April 15, 2015, this Court reversed the ALJ's decision and remanded the matter for further proceedings. (R. at 2289.)

Thereafter, Plaintiff testified at a hearing held before an ALJ on June 5, 2017. (R. at 2176.) On September 5, 2017, the ALJ, again, found the presumption of continuing nondisability did not apply (R. at 2177) but denied Plaintiff's Application. (R. at 2192.) On June 27, 2018, the Appeals Council denied a request for review of the ALJ's decision. (R. at 2166.) On August 22, 2018, Plaintiff filed this action seeking judicial review of the denial.

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following alleged impairments: history of left shoulder surgery; status post left knee replacement; obesity; asthma; lumbar and cervical degenerative disc disease; right knee arthritis; marijuana abuse disorder; alcohol abuse disorder; depressive disorder; post-traumatic stress disorder; and cluster B traits; hypertension; human immunodeficiency virus; mild hip osteoarthritis; and tinnitus. (R. at 2179–80.)

Ultimately, the ALJ determined that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404." (R. at 2180.) The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b)"—with certain exceptions—in a role such as assembler, nut sorter, or almond blancher. (R. at 2182, 2192.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the

claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises three arguments for the Court's consideration: (1) Plaintiff's impairments medically equaled the severity of Listing 1.03, establishing disability; (2) the ALJ erred by rejecting the Veterans Administration determination of disability; and (3) the ALJ erred by rejecting the opinion of Plaintiff's treating physicians, Drs. Thomas Buenker and Jack Hawks. (Pl.'s Br. at 4.)

### A. The ALJ Did Not Err by Finding Plaintiff's Impairments Did Not Medically Equal the Severity of Listing 1.03

Plaintiff argues that the ALJ erred at step three of the disability evaluation process by failing to conclude that the objective medical and other findings satisfied the requirements of one of the listed impairments, Listing 1.03. (Pl.'s Br. at 21–22.) Listing 1.03 applies to "[d]isorders of the musculoskeletal system" and provides that a plaintiff must meet specific requirements supported by medical documentation. *See* App. 1 to Subpart P of 20 C.F.R. Part 404. Specifically, to meet the criteria of Listing 1.03, a plaintiff must show he or she underwent "[r]econstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively . . . and return to effective ambulation did not occur, or [was] not expected to occur, within 12 months of onset." *Id.* "Inability ambulate effectively" is defined as "having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." *Id.*

Plaintiff argues that he satisfied Listing 1.03 because, after undergoing bilateral knee replacements, he was unable to ambulate effectively during the relevant period without the use of a hand-held assistive device that limited the functioning of both of his

upper extremities. (Pl.'s Br. at 21–22.) The ALJ, however, cited evidence that Plaintiff could ambulate during the relevant time period without the use of an assistive device. (R. at 488, 1589.) After reviewing the evidence cited, the Court finds substantial evidence in the record supports the ALJ's conclusion that Plaintiff did not satisfy Listing 1.03

**B. The ALJ Did Not Err by Rejecting the Veterans Administration Determination of Disability**

In the Ninth Circuit, the ALJ must ordinarily give great weight to a VA determination of disability because of the "marked similarity between these two federal disability programs." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

> Both programs serve the same governmental purpose—providing benefits to those unable to work because of a serious disability. Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims. Both programs have a detailed regulatory scheme that promotes consistency in adjudication of claims. Both are administered by the federal government, and they share a common incentive to weed out meritless claims. The VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework.

*Id.* (internal citations omitted). The ALJ may, however, give less weight to the VA's disability rating if the ALJ "gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.*

On April 15, 2015, this Court found the reasons the ALJ provided in her decision on January 24, 2013, for assigning less weight to the VA's determination were legally insufficient. (R. at 2287–88.) Here, as in her first decision (R. at 38), the ALJ provided the following reasons for giving less weight to the VA's determination: the VA's statement of its findings did not indicate any specific limitations on the Plaintiff's ability to perform work related activities (R. at 38, 2189); the VA's determination was made using different criteria than those that govern SSA determinations (R. at 38, 2189); and the VA's determination was not supported by the evidence as a whole (R. at 38, 2189). Plaintiff

argues our first order in this matter requires the Court to conclude these reasons are legally insufficient. (Pl.'s Br. at 9.)

As this Court explained on April 15, 2015, the fact that different rules govern the VA's disability determination is not a persuasive, specific, valid reason for discounting the VA determination. *See Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010). Similarly, as this Court previously concluded, the absence from the VA determination of any specific limitations on the Plaintiff's abilities to perform work-related activities is not a legally sufficient reason for discrediting the determination. Because, however, the ALJ cited specific evidence to support her conclusion that the VA's finding was not supported by the evidence as a whole in her second decision, unlike in her first, this reason was not invalid.

The ALJ provided persuasive, specific, valid reasons for discrediting the VA determination that were supported by the record. In April 2012, the VA assigned Plaintiff an overall rating of 70% effective May 26, 2010, which increased to 100% effective September 20, 2010, and decreased to 80% effective November 1, 2011. (R. at 2286.) The VA based its determination on the following impairments: degenerative disc disease of the lumbar spine; status post left total knee arthroplasty; pericapsulitis and mild degenerative arthritis in the left shoulder; mild instability; non-specific pain in the muscular left- and right-hip area; non-specific pain in the right knee. (R. at 2286–87.) In assigning less weight to the VA determination, the ALJ cited evidence that during the relevant period, Plaintiff reported working out a gym and "walking a lot" while on vacation in California. (R. at 804, 2190.) Additionally, as the ALJ noted, and the VA failed to consider in its determination, Plaintiff stated he would work "if he has to." (R. at 2190.) Finally, the ALJ cited evidence that was not before the VA, including multiple clinical examinations that showed Plaintiff had the ability to perform light or sedentary work. (R. at 2190.) Because the reasons the ALJ provided are persuasive, specific, valid reasons for discrediting the VA determination, the ALJ did not err in doing so.

## C. The ALJ Erred in Weighing the Opinion of Plaintiff's Treating Psychiatrist, Dr. Buenker, but Did Not Err in Weighing the Opinion of Plaintiff's Primary Care Physician, Dr. Hawks

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who did not treat the claimant." *Id.*

Given this hierarchy, if the treating physician's evidence is controverted by a nontreating or nonexamining physician, the ALJ may disregard it only after "setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). "Substantial evidence means more than a mere scintilla, but less than a preponderance." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Here, the ALJ did not err in weighing the opinion of Dr. Hawks, but she failed to provide an adequate reason for assigning little weight to the opinion of Dr. Buenker. In May 2017, Dr. Hawks concluded Plaintiff suffered from osteoarthritis of the hip and traumatic arthritis of the hip that affected his ability to function and caused marked postural and manipulative limitations. (R. at 4478–81.) Dr. Hawks, however, did not treat Plaintiff during the relevant period (R. at 2188), and it appears imaging from that period revealed no arthritis in the hip and only mild joint space narrowing in the hip (R. at 387, 2188). Accordingly, the ALJ did not err in weighing Dr. Hawks opinion.

In contrast, the ALJ erred in weighing the opinion of Dr. Buenker. In September 2012, Dr. Buenker submitted a psychiatric questionnaire in which he concluded Plaintiff had

- 7 -

moderate to marked mental limitations as a result of post-traumatic stress disorder and depressive disorder. (R. at 1280–87.) The ALJ assigned little weight to Dr. Buenker's opinion, in part, because Dr. Buenker failed to provide an explanation within the questionnaire for his opinion. (R. at 2188.) Although Dr. Buenker provided minimal explanation within the questionnaire for his conclusions, he submitted extensive treatment notes to support his conclusions in the questionnaire (R. at 436–38). Accordingly, this was not a specific and legitime supported by substantial evidence in the record for assigning little weight to Dr. Buenker's opinion.

Additionally, the ALJ found that Dr. Buenker's opinion was inconsistent with his own treatment notes. (R. at 2188.) Specifically, Dr. Buenker opined that Plaintiff's use of drugs and alcohol was a symptom of Plaintiff's condition and a form of self-medication, but in Dr. Buenker's own treatment notes, he encouraged Plaintiff to limit his use of alcohol. (R. at 2188.) But, that Dr. Buenker encouraged Plaintiff to limit his use of alcohol does not necessarily undermine the conclusion that Plaintiff's drug and alcohol abuse was a symptom of Plaintiff's condition and a form of self-medication. Thus, because the ALJ failed to provide a specific and legitimate reason for assigning little weight to Dr. Buenker's opinion, the Court remands this matter so that the ALJ can reanalyze Dr. Buenker's opinion.

### D. The Credit-as-True Does Not Apply

Plaintiff asks that the Court apply the "credit-as-true" rule, which would result in remand of Plaintiff's case for payment of benefits rather than for further proceedings. (Pl's Br. at 23–24.) The credit-as-true rule only applies in cases that raise "rare circumstances" which permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014). These rare circumstances arise when three elements are present. First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id*. at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative

proceedings would not be useful. *Id*. at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id*. Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id*. (citations omitted).

In this case, the ordinary remand rule, not the credit-as-true rule applies. Because the ALJ did not fully develop the record in support of his decision to assign little weight to the opinion of Dr. Buenker, this case still involves evidentiary conflicts that must be resolved, and there is still uncertainty as to the outcome of the proceeding.

Accordingly, the Court will remand this matter to the ALJ for further development of the record and a disability determination.

**IT IS THEREFORE ORDERED** remanding this matter to the Social Security Administration for further proceedings consistent with this Order. Specifically, the ALJ must reanalyze Dr. Buenker's opinion.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 30th day of September, 2019.

Honorable John J. Tuchi
United States District Judge